NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATCH OF LAND LENDING, LLC, *Plaintiff*, v. 181 MAPES AVE, LLC, a New Jersey limited liability company; RICHARD SAJOUS, aka RICHARD SAJOF, aka RICHARD SAJOS, aka RICHARD D. SAJOUS, aka RICHARD O. SAJOUS, aka RICHARD SALOUS, aka RICHARD SANJOUS, aka RICHARD SAYOUS, aka RICHARD SHJOUS, aka RICHARD SOJONS; CITY OF NEWARK, NEW JERSEY, a municipal corporation; UNKNOWN OWNERS; NON-RECORD LIEN CLAIMANTS; and "JOHN DOE", "JANE DOE" and "DOE CORP." of 181 MAPES AVENUE, NEWARK, NEW JERSEY 07112 *Defendants*. | Civil Action No. 16-9540 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Patch of Land Lending, LLC's ("POL Lending" or "Plaintiff"), successor by its assignment from Patch of Land, Inc. ("POL"), Motion for Summary Judgment, against Defendants 181 Mapes Ave, LLC, and Richard Sajous, aka Richard Sajof, aka Richard Sajos, aka Richard O. Sajous, aka Richard Salous, aka Richard Sanjous, aka Richard Sayous, aka Richard Shjous, aka Richard Sajons ("Sajous") (together, "Defendants") pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. ECF No. 21. For the reasons set forth herein, the motions are **GRANTED**.

1

## I. BACKGROUND

Plaintiff Patch of Land Lending, LLC is a Delaware Limited Liability Company, with its principal place of business at 1964 Westwood Boulevard, Suite 350, Los Angeles, California 90025. Pl. R.56 Stmt. ¶ 1, ECF No. 21-3. Defendant 181 Mapes Ave., LLC, is a New Jersey Limited Liability Company. Id. ¶ 2. Defendant Sajous is an individual domiciled in New Jersey and is the owner of 181 Mapes Ave., LLC. Id. ¶ 3-4.

On February 20, 2015, 181 Mapes Ave., LLC, executed a commercial cognovits promissory note (as amended and modified from time to time, the "Note") in the original principal amount of $175,000, plus interest on the unpaid outstanding principal balance. Id. ¶ 7. On that same day, Khan executed and delivered to POL a commercial personal guaranty (as amended and modified from time to time, the "Guaranty"). Id. ¶ 8.

Also on February 20, 2015, 181 Mapes Ave., LLC, executed and delivered to POL a commercial mortgage (as amended and modified from time to time, the "Mortgage"). Id. ¶ 9. In the Mortgage, 181 Mapes Ave., LLC, granted, mortgaged, and conveyed to POL and POL's successors and assigns, with mortgage covenants, its right, title, and interest in and to one parcel of real property known as 181 Mapes Avenue, Newark, New Jersey 07112 (Essex County, Block 3664, Lot 52) (the "Mortgaged Property"). Id. ¶ 10. POL subsequently perfected the mortgage. Id. ¶ 11.

Additionally, 181 Mapes Ave., LLC, executed and delivered a security agreement to further secure repayment (as amended and modified from time to time, the "Security Agreement"). Id. ¶ 13. In the Security Agreement, 181 Mapes Ave., LLC, granted and pledged to POL and POL's successors and assigns a continuing senior security interest in, a continuing first lien upon, an unqualified right to possession and disposition of, and a right of set-off against all of its right,

title, and interest in and to certain personal property (the "Personal Property"). Id. ¶ 14. POL perfected the Security Agreement. Id. ¶ 15-16.

POL performed all of the conditions precedent required under the Note, the Guaranty, the Mortgage (as amended and modified by the Modification of Mortgage), and the Security Agreement up to November 30, 2016. Id. ¶ 55. On November 30, 2016, POL transferred and assigned the Note, the Guaranty, the Mortgage, and the Security Agreement to Plaintiff POL Lending. Id. ¶ 56-61. Plaintiff performed all the conditions precedent required under the note, the Guaranty, the Mortgage, and the Security Agreement since November 30, 2016. Id. ¶ 62.

According to the terms of the Note, 181 Mapes Ave., LLC, was required to repay the loan principal of $175,000.00 by February 29, 2016 and to make monthly interest payments of fourteen percent, or $2,070.02, to Plaintiff during the term of the loan. Id. ¶ 17-19. The parties also agreed that if 181 Mapes Ave., LLC, defaulted on the Note, the Note would become due immediately. Id. ¶ 22. The terms further stipulated that in the event of default, 181 Mapes Ave., LLC, would pay Plaintiff default interest in the amount of twenty-four percent per year from the due date and would pay all costs of collections and reasonable attorneys' fees incurred in the collection of the Note or any other obligation of Defendant to Plaintiff under the Note. Id. ¶ 24-25.

181 Mapes Ave., LLC, and Sajous failed to pay any installment or other sum due under the Note when due and payable (the "Note Default"). Id. ¶ 64. The Note Default constitutes an event of default under the terms of the Note, the Guaranty, the Mortgage, and the Security Agreement (the "Note Event(s) of Default"). Id. ¶ 65. On March 23, 2016, Plaintiff mailed a written notice of default to 181 Mapes Ave., LLC, and Sajous, and provided them with a cure period of ten days. Id. ¶ 66. 181 Mapes Ave., LLC, and Sajous failed to cure the default. Id. ¶ 67.

On December 28, 2016, Plaintiff filed a Complaint containing four counts: (1) Breach of the Note, seeking payment of the Note balance; (2) Breach of the Guaranty, seeking to enforce the terms and conditions of the Guaranty and to recover in personam damages against Defendant Sajous; (3) Foreclosure of the Mortgage, seeking foreclosure and sale of the Property; and (4) Foreclosure of the Security Agreement, seeking foreclosure and sale of the Personal Property. Compl. ¶¶ 30-54, ECF No. 1. On February 15, 2017, Defendants filed their Answer and included ten affirmative defenses. ECF No. 11. The Parties conferred and agreed by stipulation not to seek any fact discovery and agreed to a briefing scheduling for the filing of dispositive motions. Joint Status Report, ECF No. 19. The instant motion followed.

II. **DISCUSSION**

**A. Standard for Summary Judgment**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). "Summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988).

When the Court considers a motion for summary judgment, "all facts and inferences are construed in the light most favorable to the non-moving party." Boyle v. Cty. of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). However, "a plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case." Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).

While the moving party has the initial burden of showing that no genuine issue of material

fact exists, once that burden is met, the burden shifts to the nonmovant to go beyond the mere pleadings and present specific evidence to show there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

In mortgage foreclosure actions like the instant case, there are so few available defenses that New Jersey state courts have held that the spectrum of facts considered "material" is significantly limited for purposes of summary judgment. Great Falls Bank v. Pardo, 263 N.J. Super., 388, 394 (Ch. Div. 1993), aff'd 273 N.J. Super. 542 (1994) (finding that the only "material" issues in foreclosure proceedings are validity of mortgage, amount of indebtedness, and right of mortgagee to resort to mortgaged premises). Courts have thus recognized that many contesting answers are, in fact, "legally insufficient" because they fail to "challenge the essential elements of the mortgagee's right to foreclose and fail to interpose a validly recognized defense." Somerset Trust Co. v. Sternberg, 238 N.J. Super. 279, 283 (Ch. Div. 1989).

**B. Plaintiff's Prima Face Case for Mortgage Foreclosure**

In a foreclosure action in New Jersey, "'[t]he only material issues . . . are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises.'" Wells Fargo Bank v. Zelaya, No. 11-6807, 2012 WL 1079554 (D.N.J.) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993)). Under Article III of the Uniform Commercial Code and New Jersey law, the mortgagee has the right to enforce the Note and related agreements if it is the holder of the negotiable instrument. See Bank of America, N.A. v. Princeton Park Associates, LLC, 2012 WL 5439006 (N.J. App. Div. 2012) (citing N.J.S.A. 12A:3-301).

Defendants have failed to establish a dispute over any material facts in the instant foreclosure case. Defendants executed the Note, the Guaranty, the Mortgage, and the Security Agreement on February 20, 2015. Pl. Aff. ¶¶ 7-9, 13. The Mortgage was recorded on March 10, 2015. Id. ¶ 10. POL transferred and assigned the Note, the Guaranty, the Mortgage, and the

5

Security Agreement to Plaintiff POL Lending on November 30, 2016. Id. ¶¶ 22-24, 26. The assignment of Mortgage was recorded on December 9, 2016. Id. ¶ 25. Defendants defaulted under the terms and obligations of the Note, the Guaranty, the Mortgage, and the Security Agreement by failing to remit the February 1, 2016 installment payment and to fully satisfy all indebtedness due under the Note on or before February 29, 2016, and they remain in default. Id. ¶¶ 32-35, 39-40.

Defendant 181 Mapes Ave, LLC, does not deny executing the Note, the Mortgage, or the Security Agreement. Answer ¶¶10, 12, 15. Defendant Sajous does not deny executing the Guaranty. Id. ¶ 11. Defendants have not denied their default under the terms of the subject loan documents nor have Defendants produced any evidence to refute any of the allegations in Plaintiff's Complaint. Id. ¶¶ 32, 40. Further, Defendants cannot produce any evidence to refute the default allegations since discovery has closed.

Defendants have made out an undisputed, prima facie case for foreclosure. The only remaining issue is whether Defendants have valid affirmative defenses.

**C. Defendants' Affirmative Defenses**

Defendants' Answer asserts ten affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) failure to mitigate damages; (3) estoppel; (4) no fault, lack of care, negligence, recklessness, carelessness, or breach of duty by Defendants; (5) failure to add indispensable parties; (6) lack of standing because Plaintiff is not the holder and owner of the note; (7) unclean hands and abuse of process; (8) Plaintiff is not the "owner" or "holder in due course" of the subject note as defined by the applicable commercial code; (9) statute of limitations, statute of repose, and doctrine of laches; (10) any additional defenses based on investigation and discovery. None of these defenses are meritorious.

As a threshold matter, Defendants bear the burden of proving affirmative defenses. See Waters v. ShopRite Supermarkets, Inc., No. 2:10-CV-02986, 2011 WL 6029248, at *3 (D.N.J. Dec. 5, 2011). Defendants have provided no facts in support of any of their affirmative defenses and discovery is now closed, making it impossible for them to carry their burden. See Joint Status Report, ECF No. 19. Moreover, Defendants' third, fourth, and fifth defenses are entirely conjectural and unsupported in the record, and the closure of discovery renders the tenth defense inapplicable.

Defendants' other affirmative defenses are belied by the facts in the record. Plaintiff has pled a claim upon which relief can be granted, as discussed above. Plaintiff's calculation of damages is based solely on the Note, which was executed and guaranteed by Defendants, so there is no basis for Defendants' contention that Plaintiff failed to mitigate. The sixth, seventh, and eighth defenses all turn on whether POL validly held and assigned the Note, Guaranty, Mortgage and Security Agreement to POL Lending. As the record demonstrates, both questions are answered in the affirmative. Pl. Aff. ¶¶ 22-26. As a result, Plaintiff has standing and there is no basis for an abuse of process claim. Finally, the record shows that POL Lending timely brought the instant action, without implicating the six-year statute of limitations, statute of repose, or doctrine of laches.

The undisputed facts in the record demonstrate that Plaintiff is entitled to summary judgment, affirmative defenses notwithstanding.

**D. Relief Requested**

POL has requested judgment in the amount of $235,812.95. Fritton Aff. ¶ 36, Ex. F. This amount is calculated as of June 13, 2017 and consists of the unpaid principal of $174,732.58, accrued and unpaid interest in the amount of $57,894.73, and unpaid charges in the sum of

$372.60, other fees in the sum of $2,813.04.  Id.  POL also seeks non-default interest at the rate of 14% per year, which amounts to a per diem of $117.50, from June 14, 2017.  Id.

Based on the foregoing, judgment shall be entered against Defendants, jointly and severally, for $235,812.95 plus $117.50 per day until the date of full repayment. The Mortgaged Property and the Personal Property are to be sold with the proceeds paid to Plaintiff Patch of Land Lending, LLC, until the debt is fully repaid. If the sale amount exceeds the amount of the debt, the excess shall be returned to Defendants. Defendants are responsible for any debt remaining after the sale of the property.

### III. CONCLUSION

For the reasons set forth herein, POL's motions for summary judgment, ECF. No. 21, is **GRANTED**.  An appropriate Order accompanies this Opinion.

**Dated: December 21, 2017**

> */s Madeline Cox Arleo*
> **Hon. Madeline Cox Arleo**
> **United States District Judge**